## EMILY L. DONALDSON, APPELLANT, vs. THE STATE.

The 8th section of the act of 5th February, 1834, was repealed as to East Florida, with the exception of the county of Columbia, by the act of the 14th February, 1835.

This case was decided at Jacksonville.

*S. L. Burritt* for appellant.

*Attorney General* for the State.

Associate Justice FORWARD being absent, the Hon. J. WAYLES BAKER, Judge of the Middle Circuit, sat in his stead, and pronounced the opinion of the Court.

The defendant, Emily Donaldson, was indicted at the Spring Term of the Circuit Court for Duval county. The indictment contained two counts. The first charged that the defendant *received* grain from a slave, said slave not having a *permit* from the person having the control of said slave; the second, that the defendant *purchased* grain from a slave, not having such permit.

To this indictment the defendant pleaded "*autrefors con-vict*," which being overruled by the Court, she then pleaded "not guilty." Upon the last plea the defendant was tried at the October Term of said Court, 1859 ; but the jury failing to agree, they were by consent discharged, and on a subsequent day of the same Term, the cause was again tried by another jury upon the same plea, who returned into Court a verdict of "guilty" against the defendant, with a recommendation to the clemency of the Court ; whereupon the Court assessed a fine of twenty-five dollars against her, and entered up a judgment accordingly.

A motion for a new trial was made in the Court below, which being overruled, the defendant appealed to this Court.

The errors assigned are as follows :

1st. That the plea "*autrefors convict*," pleaded to said indictment, was a good plea and that the Circuit Court erred in overruling it.

2nd. The Court erred in charging that the permit to a slave to sell or dispose of grain must be in writing.

3d. The Court erred in addressing any remark to the juror, Adam Ochus, at the time when the said jury were being polled, touching the discrepancy or inconsistency between the sealed verdict and his declarations at the time that it was not his verdict, and especially in addressing any remarks indicating any displeasure or dissatisfaction on the part of the Court, or which involved the said juror in the necessity of making any explanations.

The points presented by this assignment of errors were discussed by the learned counsel engaged in the cause, but the Court deems it unnecessary to consider them, as the judgment must be reversed upon other grounds.

The defendant was indicted and convicted under the act passed the 5th February, 1834, approved 11th February, 1834. Thompson's Digest, p. 508, section 8:

Parts of this act, including section 8, as numbered in Thompson's Digest, p. 508, were repealed by the act of the 14th February, 1835. See Thompson's Digest, p. 509, section 9. The act approved January 24th, 1851, amended the 3d section of the act of 1834, numbered in Thompson's Digest section 8, but it will be seen by reference to the act of the 14th February, 1835, above referred to, that this section was not in force in any portion of East Florida except the county of Columbia. The statute under which the defendant was indicted and convicted having been repealed before the trial, the judgment of the Court below must for that cause be reversed.